Burke, J. (dissenting).
The defendant, as a child of 14, was taken from his home at 9:30 p.m. on the evening of March 15, 1947 and interrogated by police officers. Later that night a formal confession was taken by the District Attorney at his office. When the defendant’s parents learned at midnight that he was charged with murder they went to the police station, but were unable to see the defendant. The following morning, March 16, they were not allowed to see the defendant until after his preliminary arraignment in the Magistrate’s Court. Subsequent to the arraignment they talked with him for a short time before Ms removal to the county jail. On the 17th of March, the parents asked permission to see the boy, but were instructed to return the following day. The District Attorney on the 17th, accompanied by another official, interrogated the defendant at the county jail and had him mark a pair of pliers and sign a photo. On March 18 the Grand Jury returned an indictment of first degree murder and- on that day the parents were per *23 mitted to see the hoy. Thereafter the defendant was assigned defense counsel.
Faced with the fact that the confession was the ‘ ‘ fundamental element in the construction of the People’s case”, defendant pleaded guilty to the reduced charge of murder in the second degree on June 30, 1947. At the time of sentence on July 7, 1947, in answer to the question put by the court ‘ ‘ Have you any legal cause to show why judgment should not be pronounced against you? ”, the defense counsel stated to the court in part: ‘1 When the assignment reached me, of course, there had been a confession; a confession by this juvenile taken late at night on the day that this offense occurred, without the aid of counsel, and without the guidance of parents, and I searched that I might be able to find there was no inflexible rule of law which would prevent me from attacking, at least, the legality of such a confession. But I found to my amazement I could get no comfort from the law, because everything was measured by the standard of adult responsibility ”.
By this coram nobis proceeding defendant seeks to have the guilty plea and the sentence vacated. The basis for relief is the assertion that because of his youth the guilty plea was not a voluntary one and that the acceptance of the plea when the court knew of the circumstances of the confession and its influence in inducing the plea deprived him of due process of law.
The County Court found that there was no deprivation of defendant’s constitutional rights. The Appellate Division held that the defendant’s statements were not coerced and that it could not be reasonably found that the statements forced the plea. Furthermore, it found that the question of the legality of the confession was waived by the guilty plea.
I find the methods used in obtaining the confession and taking the plea indicate that the child’s rights were not fairly protected; therefore, due process compels an invalidation of the conviction.
Coram nobis is the appropriate remedy where a defendant has been denied due process of law. (People v. Silverman, 3 N Y 2d 200.)
Here the guilty plea of the child rests on proceedings where the law applied concerned * ‘ ‘ the more exacting standards of maturity ’”. “ [A child] cannot be compared with an adult in full possession of his senses and knowledgeable of the conse *24 quences of his admissions ” (Gallegos v. Colorado, 370 U. S. 49, 53, 54). To subject a child in the absence of his parents or friend or counsel to questioning which might have and was intended to convict him is a violation of a basic right of individual freedom. Two weeks before this plea was accepted by the trial court, the United States Supreme Court granted a writ of certiorari in a case involving the taking of a confession from a 15-year-old boy. Within seven months., the United States Supreme Court in that case held that due process would not permit such a confession to be used by the prosecution because it is impermissible to thus interrogate a child and take a formal statement. (Haley v. Ohio, cert. granted June 16, 1947 [331 U. S. 803], 332 U. S. 596 [1948].) Even in the Haley case where it appeared that an extensive warning was read to a boy about the right to remain silent and the uses of the statement in the court, the confession of the lad of 15 was found to be involuntary.
That conclusion does not dispose of all of the respondent’s contentions. We have held, the People argue, that, even if a confession is involuntary, a judgment of conviction will be sustained where it is based upon a plea of guilty which is knowingly and voluntarily entered. (People v. Nicholson, 11 N Y 2d 1067, cert. den. 371 U. S. 929; People v. Dash, 16 N Y 2d 493; People v. Griffin, 16 N Y 2d 508.) But the decisions in Nicholson, Dash and Griffin are not binding as there was no statement made in those cases to the court at the time of the plea or of the sentence that a .confession, the legality of which was questionable, had induced, the plea. In this case there was an explicit statement made by the defense counsel to the court suggesting the need of caution; (See People v. Serrano, 15 N Y 2d 304.)
The guilty plea of this defendant cannot stand on proceedings wherein all concerned in a mistaken belief applied prohibited constitutional standards (Haley v. Ohio, 332 U. S. 596, 599, supra).
The People, nevertheless, insist that since the plea was not coerced by the law-enforcement authorities or the court that that is the end of the matter. “ [I]f we took that position, it would, with all deference, be in callous disregard of this boy’s constitutional rights ”. (Gallegos v. Colorado, 370 U. S. 49, 54, supra.) The defense counsel made it very clear to the court that the guilty plea was compelled because of the confession *25 which he believed would be judged by adult standards in spite of its debatable legality. In other Avords, the defense counsel believed that the child was facing death in the impending trial and grudgingly entered the plea of guilty. Such a plea is a nullity.
It was violative of due process to permit a 15-year-old boy to plead guilty to murder because of the existence of such a confession. Counsel’s statement directed the court’s attention to a plea given under protest. This should have moved the court to reject it or at least take it under advisement. (People v. Serrano, 15 N Y 2d 304, supra.)
In 1947, since the conviction of a child for murder Avas ‘ ‘ shocking ” to think of (see People v. Oliver, 1 N Y 2d 152,162; People v. Turk, Queens County Ct. [1946], not reported), the taking of a guilty plea of murder from the defendant called for careful deliberation. Of course the amendment of 1948 to section 486 of the Penal Law, which provided that children could not be tried for homicide, is not applicable to this case. But the correspondence in the Bill Jacket (L. 1948, ch. 554, N. Y. State Library Leg. Ref. Sec.) did indicate that the amendment was the subject - of earnest and open discussion for over two years before its enactment. In the light of the strong public criticism of the existing law (see People v. Turk, Queens County, defendant acquitted May 7, 1946—not reported, supra; see, also, remarks of then Asst. Queens County District Attorney, J. Irwin Shapiro, that the case ‘ ‘ has served to focus attention on the pitiful inadequacies of our criminal code * * ® [where] the People of the State of New York [were] proceeding against a 14-year-old boy in a criminal court ”, New York Times, May 8, 1946, p. 29, col. 4) and, in light of plans to transfer such charges to the Children’s Courts, the court should not have accepted the plea without further inquiry into the trend of the law in regard to the responsibility of juveniles in homicide cases.
In a nutshell, since the defendant entered his plea to a Judge, unconversant with his rights and the protection of due process, this conviction was on proceedings which as a matter of record applied prohibited constitutional standards. In Rogers v. Richmond (365 U. S. 534, 544) the monition was given that the Trial Judge always has the duty of making a determination according to correct constitutional standards. In view, therefore, of the *26 constitutionally inadequate test applied by the courts below in determining whether the plea was voluntarily given, the judgment of conviction should be reversed and the indictment dismissed (cf. Chambers v. Florida, 309 U. S. 227).